# NO. 12-17-00012-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAM MILLER AND TOBE MILLER,* *APPELLANTS* | § | *APPEAL FROM THE 1A* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JASPER-NEWTON ELECTRIC* *COOPERATIVE, INC.,* *APPELLEE* | § | *JASPER COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Pam Miller and Tobe Miller appeal from a summary judgment rendered in favor of Jasper-Newton Electric Cooperative, Inc. in the Millers' suit for declaratory judgment. The Millers raise three issues. We affirm.

## BACKGROUND

The Millers reside on a thirty-two acre tract of land in Jasper County, Texas. Jasper-Newton Electric Cooperative, Inc. is a provider of electrical service. In 2005, Tobe Miller applied for membership, and Jasper-Newton accepted the Millers as members of the cooperative. Pursuant to their agreement, Jasper-Newton provides electricity to the Millers' property.

In 2014, two Jasper-Newton employees entered the Millers' property without providing prior notice to the Millers. The Millers confronted the employees, and the employees contended that they were within their rights to enter the Millers' property. Later, Jasper-Newton ran an electric line from the Millers' property to an adjoining property. The Millers contended that Jasper-Newton lacked the authority to utilize their property to provide electric service to others, and Jasper-Newton disagreed. The Millers sued Jasper-Newton seeking a declaratory judgment that Jasper-Newton held an easement to use the Millers' property to provide electric service only

to the Millers and could not use the easement to provide electric service to the property of others.[1]

Jasper-Newton moved for summary judgment asserting that it had written permission to perform the complained of activities. Jasper-Newton contended that, by his execution of certain documents, Tobe Miller granted Jasper-Newton the right to construct and operate electrical lines on the Millers' property without limitation of the use of the lines. Jasper-Newton asserted that the Millers granted an express easement to Jasper-Newton by submitting their 2005 Application for Membership and Electric Service and through Jasper-Newton's Service Tariff which was incorporated by reference. Finally, Jasper-Newton argued that Tobe Miller also provided a Right-of-Way Easement to Jasper-Newton in 2007 that likewise authorized Jasper-Newton to utilize the Millers' property to provide electric service to the property of others.

The Millers responded to Jasper-Newton's motion for summary judgment and filed their own motion for summary judgment. The Millers read the easements granted to Jasper-Newton as allowing Jasper-Newton to construct and operate electrical lines on the Millers' property with the limitation that the lines provide electricity solely to the Millers' property. Thus, the Millers continued to argue that Jasper-Newton exceeded the scope of its easement when it ran an electric line from the Millers' property to an adjoining property.

The trial court granted Jasper-Newton's motion for summary judgment and denied the Millers' motion for summary judgment. The trial court then signed a final judgment ordering that the Millers take nothing on their claims against Jasper-Newton. This appeal followed.

### EASEMENT

In their first issue, the Millers contend that, properly construed, the easement granted to Jasper-Newton is limited in scope, authorizing Jasper-Newton to provide utility service only for the Millers' property. Accordingly, the Millers argue that Jasper-Newton exceeded the scope of the easement when it ran a power line from a pole located on the Millers' property to deliver electrical services to an adjoining property.

---

[1] Initially, the Millers also claimed that Jasper-Newton trespassed on their land. The Millers sought damages and an injunction against Jasper-Newton. However, the Millers amended their petition and dropped their trespass claim.

**Standard of Review**

A declaratory judgment granted on a traditional motion for summary judgment is reviewed de novo. *Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 449 (Tex. 2015). A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

**Applicable Law**

Property owners have the right to exclude others from their property but may relinquish a portion of the right to exclude by granting an easement. *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002). When property owners grant an easement, they provide a limited relinquishment of the right to exclude to another who then has a nonpossessory interest authorizing a use of the property for the particular purposes identified in the easement. *Id.*

To determine the scope of an express easement, the court applies basic principles of contract construction and interpretation. *Id.* When a contract is unambiguous, the court interprets the contract as a matter of law. *DeWitt Cty. Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex. 1999). The contracting parties' intentions, as expressed in the document, determine the scope of the easement. *Id.* at 103. Terms not specifically defined are given their plain, ordinary, and generally accepted meaning. *Krohn*, 90 S.W.3d at 701.

The manner, frequency, and intensity of an easement's use may change over time so long as the changes align with the purposes for which the easement was created. *Id.*; *see also Lower Colo. River Auth. v. Ashby*, 530 S.W.2d 628, 632-33 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.) (easement authorized changes in equipment that could increase the electricity-carrying capacity of the lines). An easement includes "the right to do whatever is reasonably necessary for full enjoyment of the rights granted." *Whaley v. Cent. Church of Christ*, 227 S.W.3d 228, 231 (Tex. App.−Houston [1st Dist.] 2007, no pet.). The threshold inquiry remains whether the grant's terms authorize the proposed use, not whether the proposed use results in a material burden to the property owner. *Krohn*, 90 S.W.3d at 703.

**Analysis**

The Millers contend that a proper construction of the easement granted to Jasper-Newton supports their argument that the easement is limited in scope to service only the Millers' property. We disagree.

First, Jasper-Newton, a cooperative, is comprised of all of its members who join together for the purchase and delivery of electric service. A cooperative is defined as "an enterprise that is collectively owned and operated for mutual benefit." *See Cooperative,* THE AMERICAN HERITAGE DICTIONARY (New College ed. 1978). The Millers, who wanted to be a part of the cooperative, were seeking more than electric service. Once Tobe Miller filled out an application for membership and electric service, and their membership was approved, they became part of the cooperative.

Second, when Tobe Miller applied for membership into the cooperative, the Millers granted Jasper-Newton an easement to the Millers' property by the terms in the application. Specifically, the application stated as follows:

> EASEMENTS: Applicant hereby grants the Cooperative, its employees, and authorized agents, the right and easement to construct, upgrade, operate, remove, repair, and maintain meters, lines, poles, transformers, etc., on the premises herein described and in or upon all streets, roads, or highways abutting said premises, its lines, and equipment, and will execute and deliver to the Cooperative any conveyance, grant, or instrument which the Cooperative shall deem necessary or appropriate for said purposes.

This easement authorizes Jasper-Newton to construct lines on the Millers' property for the delivery of electricity. Nothing in the easement limits delivery of the electricity only to the Millers.

Third, in the membership application, the Millers agreed to be bound by the cooperative's Service Tariff, which is comprised of rate schedules and service rules and regulations. The Service Tariff stated, "[t]he consumer shall be required to provide easements as required by the Cooperative to deliver service . . . ." The Service Tariff defined "[e]lectric [s]ervice or [s]ervice" as including "any and all acts done, rendered, or performed in the delivery of electric power to a consumer by [Jasper-Newton] operating under the jurisdiction of the [Public Utility] Commission."

4

Fourth, Tobe Miller granted Jasper-Newton an express easement "to place, construct, operate, repair, maintain, relocate, and replace . . . an electric transmission or distribution line or system . . . ." By agreeing to the easement which used the phrase "electric transmission or distribution line or system," the Millers clearly acknowledged that the Jasper-Newton power lines on their property were part of a system. They further acknowledged that those lines could be used to transmit or distribute electricity to their property or could be used as part of a system to transmit or distribute electricity to other members of the cooperative.

The Millers unambiguously authorized Jasper-Newton an easement to use the Millers' property to provide electricity to the Millers or to other members of the cooperative. Thus, the Millers' easement to Jasper-Newton authorizes the work that Jasper-Newton performed when it ran a power line from a pole located on the Millers' property to deliver electrical services to an adjoining property. *See **Krohn***, 90 S.W.3d at 703.

Jasper-Newton's use of the easement here has always been for electric service. Its use of the easement to provide electric service to an adjoining landowner thus furthers the purpose of the easement. *See **id.*** at 702 (held that use of an electric easement to distribute cable television is not authorized because it does not further the particular purpose for which the easement was granted).

The Millers argue that "[i]f an easement is intended where [Jasper-Newton] can use [the Millers'] property to service other property, the document containing the easement should so reference." But, as we have stated, the plain wording of the documents indicates that the Millers agreed to more than the provision of electric service to them. They agreed to be part of a cooperative and to allow their property to be used for the benefit of the Jasper-Newton electric system. *See **Parks***, 1 S.W.3d at 100.

The Millers also emphasize use of the phrase "on the premises" in the application's easements paragraph in an attempt to limit the easement to Jasper-Newton activities that would benefit the Millers' property. However, the plain meaning of the easement places no such limitation on Jasper-Newton. Instead, Jasper-Newton is authorized by the easement to conduct any of the above-referenced work on the Millers' property so that it can deliver electricity to its members. *See **Whaley***, 227 S.W.3d at 231.

Finally, the Millers rely on certain language just under the title of the 2007 Right-of-Way Easement which includes the name of the county, the grantor, and a map number. They contend

that inclusion of the phrase "To Serve: Tobe H. Miller" excludes service to other property. We construe this information as identifying the property to which the easement applies. It does not address the scope of the easement granted. As explained above, the easement granted authorizes work on the Millers' property for electricity that serves the Millers and that serves the Jasper-Newton electricity system.

The trial court did not err in interpreting the easement to authorize Jasper-Newton to deliver electrical services to the property adjoining the Millers' property via an electrical line located on the Millers' property. *See Parks*, 1 S.W.3d at 100. Accordingly, the trial court properly granted Jasper-Newton's motion for summary judgment. *See Lillis*, 471 S.W.3d at 449. We overrule the Millers' first issue. Because resolution of this issue is definitive, we need not address the Millers' second and third issues.[2] *See* TEX. R. APP. P. 47.1.

#### DISPOSITION

Having overruled the Millers' first issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] In their second issue, the Millers contend that the trial court erred when it denied the Millers' motion to strike exhibit D2 to Jasper-Newton's motion for summary judgment. Exhibit D2 was three pages from a book entitled Standard Handbook for Electrical Engineers. In their third issue, the Millers contend that the trial court erred when it denied the Millers' motion for leave to file a second supplemental response to Jasper-Newton's motion for summary judgment. Nothing in Exhibit D2 or in the Millers' second supplemental response affects our analysis and determination that the easement the Millers granted Jasper-Newton authorized Jasper-Newton to run a power line from a pole located on the Millers' property to deliver electrical services to an adjoining property.

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2017**

**NO. 12-17-00012-CV**

**PAM MILLER AND TOBE MILLER,**
Appellants
V.
**JASPER-NEWTON ELECTRIC COOPERATIVE, INC.,**
Appellee

Appeal from the 1A District Court

of Jasper County, Texas (Tr.Ct.No. 34552)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **PAM MILLER AND TOBE MILLER,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*